FILED
DEC 2 6 2007
DEC 26 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHERRI BOURDAGE,
  Plaintiff,

v.

OFFICER STACHULA, STAR #6600
and THE CITY OF CHICAGO,
  Defendants.

) 07CV 7219
) JUDGE KENDALL
) MAGISTRATE JUDGE DENLOW
)
) Jury Demand
)
)

## COMPLAINT

### COUNT I - ILLEGAL SEARCH

### JURISDICTION AND VENUE

1. This Court has jurisdiction based on 28 U.S.C. §§1331 and 1343(a) because the case raises federal constitutional issues.

2. The Court has supplementary jurisdiction over substantially related state claims based on 28 U.S.C. 1367(a).

3. This is an appropriate venue because all of the alleged acts occurred within the Northern District of Illinois and all of the parties reside within the Northern District of Illinois.

4. This action is brought pursuant to 42 U.S.C. §1983 for violations of Plaintiff's constitutional rights under the Fourth Amendment as incorporated and applied to state

governments through the Fourteenth Amendment to the United States Constitution.

## PARTIES

5. Plaintiff is a citizen of the United States and resident of Chicago, Illinois.

6. Defendant Stachula was on duty and acting under color of state law at all times relevant to this Complaint.

7. The City of Chicago is a municipality organized under the laws of the State of Illinois and it is the employer of Defendant Stachula.

## THE FOURTH AMENDMENT VIOLATION

8. On March 13, 2007, Plaintiff was at or near 4644 N. Lincoln Ave., Chicago, IL.

9. The Defendant did not have a search warrant for the Plaintiff.

10. The Defendant did not have an arrest warrant for the Plaintiff on March 13, 2007.

11. The Defendant did not witness the Plaintiff breaking any city, county, state, and/or federal law at 4644 N. Lincoln Ave., Chicago, IL.

12. The Defendant did not have consent to search the Plaintiff on March 13, 2007.

13. On March 13, 2007, the Defendant illegally stopped the Plaintiff and searched her.

14. The Defendant proceeded to verbally threaten and curse at the Plaintiff.

15. The Defendant detained the Plaintiff in violation of Plaintiffs' rights under the Fourth Amendment.

16. As a direct and proximate result of the unconstitutional detention, the Plaintiff suffered actual harm.

17. On March 13, 2007, Plaintiff was being treated for cancer.

WHEREFORE, Plaintiff prays this Court will award her actual and punitive damages as well as costs and reasonable attorney's fees against the defendants.

## COUNT II - FALSE ARREST

1. The Defendant Stachula wrote false and misleading police reports alleging that the Plaintiff assaulted him and resisted arrest on March 13, 2007.

2. Ultimately a Cook County Circuit Court Judge found the Plaintiff not guilty of all charges (Case No. 07121661801).

3. As a direct and proximate result of the unconstitutional conduct of the Defendant officer, Plaintiff suffered actual harm.

Wherefore, Plaintiff prays this Honorable Court award her actual and punitive damages as well as costs and reasonable attorneys fees against the defendants.

## COUNT III - EXCESSIVE FORCE

1-16. Plaintiff re-alleges paragraphs 1-17 of Counts I and II as paragraphs 1-17 of Count III.

18. At no time relevant to this case did plaintiff strike, kick, punch or attempt to strike, kick or punch the defendant before, during, or after plaintiffs false arrest.

19. Defendant used excessive force in arresting plaintiff.

20. During his encounter with plaintiff the defendant struck the plaintiff pushed and kicked her to the ground.

21. At no time relevant to this case did plaintiff resist arrest.

22. At no time relevant to this arrest did plaintiff disobey any order of the defendant.

Wherefore, plaintiff prays this Honorable Court award her actual and punitive damages as well as costs and reasonable attorneys fees against the defendants.

## COUNT IV - STATE MALICIOUS PROSECUTION

1-22. Plaintiff re-alleges paragraphs 1-22 of Counts I, II, and III as paragraphs 1-22 of Count IV.

23. Defendant officer wrote false and misleading police reports regarding the arrest of plaintiff, including but not limited to stating that the plaintiff assaulted the Defendant and resisted arrest on March 13, 2007 at 4644 N. Lincoln Ave., Chicago, IL.

24. Defendant knew his false police reports would be relied on by superior officers and Assistant State's Attorneys to determine charges against the plaintiff.

25. Based on the defendant's false reports, plaintiff was charged under case number 07121661801 with assault and resisting arrest.

26. On October 1, 2007, in case number 07121661801 the plaintiff was found not guilty of all charges.

27. Plaintiff is innocent of the charged offenses.

WHEREFORE, Plaintiff prays this Court will award her actual and punitive damages as well as costs and reasonable attorney's fees against the defendants for his false arrest.

## COUNT V - STATUTORY INDEMNIFICATION

1-27. Plaintiff re-alleges paragraphs 1-27 of Counts I, II, III, and IV as paragraphs 1-27 of Count V.

28. At all relevant times 745 ILCS 10/9-102 was in full force and effect.

29. The defendant officer was acting under color of state law and as an employee of the City of Chicago.

WHEREFORE, Plaintiff prays the Court will award her actual damages and costs against the City of Chicago.

Respectfully Submitted,

_____
THOMAS PETERS
KEVIN PETERS
Attorneys for Plaintiff
407 S. Dearborn, Suite 1675
Chicago, Illinois 60605
312-697-0022