IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHERRI BOURDAGE, | ) | |
| | ) | 07 C 7219 |
| Plaintiff, | ) | |
| | ) | Judge Kendall |
| v. | ) | |
| | ) | |
| OFFICER STACHULA, STAR #6600 and | ) | Magistrate Judge Denlow |
| THE CITY OF CHICAGO, | ) | |
| | ) | JURY DEMANDED |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT, DEFENSES AND JURY DEMAND**

Defendants, the City of Chicago and Chicago Police Officer Christopher Stachula, by one of their attorneys, Kathryn M. Doi, Assistant Corporation Counsel, hereby submit their answer to Plaintiff's Complaint, defenses and jury demand as follows:

**COUNT I - ILLEGAL SEARCH
JURISDICTION AND VENUE**

1.  This Court has jurisdiction based on 28 U.S.C. §§1331 and 1343(a) because the case raises federal constitutional issues.

    **ANSWER:** Defendants admit that jurisdiction is proper.

2.  The Court has supplementary jurisdiction over substantially related state claims based on 28 U.S.C. 1367(a).

    **ANSWER:** Defendants admit that this court has supplementary jurisdiction over the state law claims alleged.

3.  This is an appropriate venue because all of the alleged acts occurred within the Northern District of Illinois and all of the parties reside within the Northern District of Illinois.

    **ANSWER:** Defendants admit that venue is proper.

4.  This action is brought pursuant to 42 U.S.C. §1983 for violations of Plaintiff's

constitutional rights under the Fourth Amendment as incorporated and applied to state governments through the Fourteenth Amendment to the United States Constitution.

**ANSWER:** Defendants admit that this action is brought pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments of the United States Constitution. Defendants deny the remaining allegations contained in this paragraph.

## PARTIES

5.     Plaintiff is a citizen of the United States and resident of Chicago, Illinois.

**ANSWER:** Upon information and belief, Defendants admit the allegations contained in this paragraph.

6.     Defendant Stachula was on duty and acting under color of law at all times relevant to this Complaint.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

7.     The City of Chicago is a municipality organized under the laws of the State of Illinois and it is the employer of Defendant Stachula.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

## THE FOURTH AMENDMENT VIOLATION

8.     On March 13, 2007, Plaintiff was at or near 4644 N. Lincoln Ave., Chicago, IL.

**ANSWER:** Defendants admit that Defendant Stachula encountered Plaintiff at or near 4644 N. Lincoln Ave., Chicago, IL on March 14, 2007. Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff was at 4644 N. Lincoln Ave., Chicago, IL on March 13, 2007.

9.     The Defendant did not have a search warrant for the Plaintiff.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

10. The Defendant did not have an arrest warrant for the Plaintiff on March 13, 2007.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

11. The Defendant did not witness the Plaintiff breaking any city, county, state, and/or federal law at 4644 N. Lincoln Ave., Chicago, IL.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

12. The Defendant did not have consent to search the Plaintiff on March 13, 2007.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

13. On March 13, 2007, the Defendant illegally stopped the Plaintiff and searched her.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

14. The Defendant proceeded to verbally threaten and curse at the Plaintiff.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

15. The Defendant detained the Plaintiff in violation of Plaintiffs' [*sic*] rights under the Fourth Amendment.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

16. As a direct and proximate result of the unconstitutional detention, the Plaintiff suffered actual harm.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

17. On March 13, 2007, Plaintiff was being treated for cancer.

**ANSWER:** Defendants are without knowledge or information sufficient to form aa belief as to the truth of the allegations contained in this paragraph.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT II - FALSE ARREST

1. The Defendant Stachula wrote false and misleading police reports alleging that the Plaintiff assaulted him and resisted arrest on March 13, 2007.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

2. Ultimately a Cook County Circuit Court Judge found the Plaintiff not guilty of all charges (Case No. 07121661801).

**ANSWER:** Defendants admit the allegations contained in this paragraph.

3. As a direct and proximate result of the unconstitutional conduct of the Defendant officer, Plaintiff suffered actual harm.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT III - EXCESSIVE FORCE

1-16. Plaintiff re-alleges paragraphs 1-17 of Counts I and II as paragraphs 1-17 of Count III.

**ANSWER:** Defendants' answers to the foregoing paragraphs 1-17 are incorporated by reference as though fully set forth.

18. At no time relevant to this case did plaintiff strike, kick, punch or attempt to strike, kick or punch the defendant before, during or after plaintiffs false arrest.

**ANSWER:** Defendants admit that Plaintiff did not strike, kick or punch Officer Stachula. Defendants deny the remaining allegations contained in this paragraph.

19. Defendant used excessive force in arresting plaintiff.

**ANSWER:** Defendants deny the allegations contained in this paragraph and deny any illegal or wrongful conduct.

20. During his encounter with plaintiff the defendant struck the plaintiff pushed and kicked her to the ground.

**ANSWER:** Defendants admit that Officer Stachula pushed Plaintiff away from him. Defendants deny the remaining allegations contained in this paragraph and deny any illegal or wrongful conduct.

21. At no time relevant to this case did plaintiff resist arrest.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

22. At no time relevant to this arrest did plaintiff disobey any order of the defendant.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT IV - STATE MALICIOUS PROSECUTION

1-22. Plaintiff re-alleges paragraphs 1-22 of Counts I, II, and III as paragraphs 1-22 of Count IV.

**ANSWER:** Defendants' answers to the foregoing paragraphs 1-22 are incorporated by reference as though fully set forth.

23. Defendant officer wrote false and misleading police reports regarding the arrest of plaintiff, including but not limited to stating that the plaintiff assaulted the Defendant and resisted arrest on March 13, 2007 at 4644 N. Lincoln Ave., Chicago, IL.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

24. Defendant knew his false police reports would be relied on by superior officers and Assistant State's Attorneys to determine charges against the plaintiff.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

25. Based on the defendant's false reports, plaintiff was charged under case number

07121661801 with assault and resisting arrest.

**ANSWER:** Defendants admit that Plaintiff was charged with assault and resisting arrest. Defendants deny the remaining allegations contained in this paragraph.

26. On October 1, 2007, in case number 07121661801 the plaintiff was found not guilty of all charges.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

27. Plaintiff is innocent of the charged offenses.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT V - STATUTORY INDEMNIFICATION

1-27. Plaintiff re-alleges paragraphs 1-27 of Counts I, II, III, and IV as paragraphs 1-27 of Count V.

**ANSWER:** Defendants' answers to the foregoing paragraphs 1-27 are incorporated by reference as though fully set forth.

28. At all relevant times 745 ILCS 10/9-102 was in full force and effect.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

29. The defendant officers was acting under color of state law and as an employee of the City of Chicago.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems

necessary and proper.

**AFFIRMATIVE DEFENSES**

1.      Defendant Stachula is a government official, namely a police officer, who performs discretionary functions.  Defendant Stachula has admitted that he encountered and arrested Plaintiff.  At all times material to the events alleged in Plaintiff's Complaint, a reasonably competent police officer, objectively viewing the facts and circumstances then confronting this Defendant, could have believed his actions regarding his encounter with and arrest of Plaintiff to be lawful, in light of clearly established law and the information that Defendant Stachula possessed.  Defendant Stachula is therefore entitled to qualified immunity on Plaintiff's claims under federal law.

2.      Under the Illinois Tort Immunity Act, Defendant Stachula is not liable for any of the state law claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct.  Defendant Stachula's actions were performed in the execution and enforcement of the law and were not wilful and wanton.  Defendant Stachula is thus immune from liability. 745 ILCS 10/2-202.

3.      Under the Illinois Tort Immunity Act, Defendant Stachula is not liable for any of the state law claims alleged because a public employee, as such and acting within the scope of his or her employment, is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

4.      Under the Illinois Tort Immunity Act, Defendant Stachula is not liable for any of the state law claims alleged because the decision as to what action to take with regard to Plaintiff

was a discretionary decision for which the City and its employees are immune from liability. 745 ILCS 10/2-201.

5.  To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.

6.  To the extent that Plaintiff failed to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by the application of the principle that Plaintiff has a duty to mitigate attributed to Plaintiff by the jury in this case.

7.  Defendant Stachula need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. An officer is justified in the use of any force which he reasonably believes to be necessary to effect the arrest or defend himself or another from bodily harm while making the arrest. 720 ILCS 5/7-5.

8.  As to Plaintiff's state law claims, Defendant Stachula is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party." See Kerns v. Engelke, 76 Ill.2d 154, 166 (Ill. 1979)(internal citations omitted).

9.  Defendant City is not liable to Plaintiff if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109 (2006)

**JURY DEMAND**

    Defendants, the City of Chicago and Christopher Stachula, request a trial by jury.

    Respectfully Submitted,

    **/s/ Kathryn M. Doi**
    KATHRYN M. DOI
    Assistant Corporation Counsel

30 N. LaSalle, Suite 1400
Chicago, IL 60602
(312) 744-0742
Attorney No. 06274825